THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS
ATTORNEY GENERAL



November 8, 1961

Honorable Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Dear Mr. Wade:

Opinion No. WW-1190

Re: Questions relating to corpora-
tion and application of Article
286a, V.A.P.C. (Sunday Blue
Law).

You have requested the opinion of this office on the
following questions set out:

"Question No. I: Is a corporation operating
more than one store or business establishment
selling those certain articles specified in
Art. 286a, V.A.P.C.. after having sold and
offered for sale such articles in one of its
stores on a Saturday, prohibited from selling
or offering for sale any of such articles on
the following Sunday in any and all of its
other stores, irrespective of whether such
other stores are located in the same or dif-
ferent cities and are separately managed and
operated by different employees, without in-
terchange of employees?

"Question No. II: Is a corporation which has
sold or offered for sale those certain arti-
cles specified in Art. 286a, V.A.P.C. on a
Saturday in its store or one of its stores,
prohibited from accepting through an agent
telephone orders for such articles on the
following Sunday?"

The statute provides in part as follows:

"Any person, on both the two (2) consecu-
tive days of Saturday and Sunday, who sells or
offers for sale or shall compel, force or
oblige his employees to sell any clothing;
clothing accessories; wearing apparel; foot-
wear; home, business, office or outdoor furni-
ture; kitchenware; kitchen utensils; china;
home appliances; stoves; refrigerators; air
conditioners; electric fans; radios; television

sets; washing machines; driers; cameras; hardware, tools, excluding non-power driven hand tools; jewelry; precious or semi-precious stones; silverware; watches; clocks; luggage; motor vehicles; musical instruments; recordings; toys, excluding items customarily sold as novelties and souvenirs; mattresses; bed coverings; household linens; floor coverings; lamps; draperies; blinds; curtains; mirrors; lawn mowers or cloth piece goods shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense."

Section 3 establishes the punishment to be by fine of not more than $100.00 for the first offense, and provides that for the second and all subsequent offenses punishment shall be by imprisonment in jail not exceeding six months or by fine of not more than $500.00 or both.

Section 5a of the statute provides that Article 286 and 287 of the Penal Code of Texas are not repealed.

You asked whether a corporation owning two or more stores could operate one store with one set of employees on Saturday and the other store with another set of employees on Sunday. You have suggested that the word "person" in Section 1 includes corporations.

We concur in your opinion. Section 4 of the statute provides:

"The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the operation of any business whether by any individual, partnership or corporation contrary to the provisions of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act. Such proceedings shall be guided by the rules of other injunction proceedings."

The language emphasized in Section 4 above quoted specifically refers to corporations. Therefore no corporation can sell or offer for sale or compel its employees to sell or offer for sale any of the prohibited articles enumerated in

Section 1.  We therefore hold, in answer to your questions, that a corporation operating more than one store or business establishment selling the articles specified in Article 286a, V.P.C., cannot sell these articles in one store on Saturday and in another store on Sunday.  The corporation would be violating the terms and intent of the statute and under Section 4 could be enjoined as a public nuisance from continuing the violation.  The same would be true of accepting orders through an agent.  The act of the agent is the act of the corporation, for a corporation can only act through agents, it being an artificial person.  Therefore, the answer to your second question is that a corporation is prohibited from accepting telephone orders through an agent on Sunday if it has sold or offered for sale the specified articles on the Saturday next immediately preceding.

## SUMMARY

Business corporations operating more than one store cannot elect to have one or more stores open and sell or offer for sale the articles enumerated in Article 286a of Vernon's Penal Code on Saturday and one or more stores open on Sunday to sell or offer for sale these articles but must elect to keep all their stores open on Saturday or the following Sunday; nor can such business corporations accept orders secured through an agent on Sunday if they have been open and sold or offered the goods for sale on Saturday.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Norman V. Suarez
Assistant

NVS:sh:wb

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Jack Price
Dudley McCalla
Leon Pesek

REVIEWED FOR THE ATTORNEY GENERAL

By  Houghton Brownlee